IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD MAGGARD, ) | |
| ) | |
| Plaintiff, ) | Case No. CV06-233-S-EJL |
| ) | |
| vs. ) | **MEMORANDUM ORDER** |
| ) | |
| OLIVIA CRAVEN, JWANITA, ) | |
| HUTCHINSON, JANIE DRESSON, ) | |
| RUSSELL NEWCOMB, DEL RAY ) | |
| HOLMES, BUD BRINEGAR, ROBIN ) | |
| SANDY, MIKE MATTHEWS, ) | |
| UNKNOWN DEFENDANT DOE I, ) | |
| UNKNOWN DEFENDANT DOE 2, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 17). Plaintiff has filed a Response, and Defendants have filed a Reply (Docket Nos. 19 and 20). Having reviewed the record in this case, and having considered the written arguments of the parties contained in the briefing, the Court concludes that oral argument is unnecessary. Accordingly, the Court enters the following Order.

**MEMORANDUM ORDER   1**

## MOTION FOR SUMMARY DISMISSAL

**A.     Law Governing Summary Dismissal**

Defendants seek dismissal of Plaintiff's entire complaint.  A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id.* (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

Plaintiff bring his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B.     Overview of Law Governing Parole Time**

The United States Supreme Court has explained that a parolee's sentence continues to run while he is on parole as long as he remains in good status on parole.  *See Anderson v. Corall*, 263 U.S. 193, 196 (1923).  As a result, his sentence may expire while he is on parole, bringing about a completion of his sentence, because he was still in the warden's legal custody while on parole.  *Id.* at 196-97.

**MEMORANDUM ORDER   2**

However, once a parole violation occurs, a sentence ceases to run. *Id*. "The Supreme Court has not equated a violated parole with incarceration but has analogized it to escape from prison during which the sentence does not run." *Willis v. Meier*, 435 F.2d 852, 853 (9th Cir. 1970) (relying on *Anderson v. Corall*). The running of a parolee's sentence is interrupted by the violation of his parole, and such a parolee's status and rights are analogous to those of an escaped convict. *Taylor v. Squier*, 142 F.2d 737 (9th Cir. 1944).

In Idaho, the violation of parole causes a parolee to lose his good status on parole, which, in turn, causes the forfeiture provision of Idaho Code § 20-228 to arise; that is, a person reincarcerated after parole "must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the commission, in its discretion, shall determine otherwise. . . ." The Idaho Court of Appeals has held that this section is constitutional and does not violate the separation of powers doctrine. *Flores v. State*, 109 Idaho 182, 706 P.2d 71 (Ct. App. 1985).

Likewise, the Supreme Court has rejected a similar constitutional challenge in the context of reinstating an original sentence without credit for probation time upon revocation of probation. In *Roberts v. United States*, 320 U.S. 264, 272-73,(1943), the Supreme Court held that it was constitutional for a federal court to suspend imposition of a sentence pending probation, and then for the court to impose the original sentence upon revocation of probation under a federal statutory scheme. The Ninth Circuit has similarly held. *See United States v. McDonald*, 611 F.2d 1291, 1295 (9th Cir. 1980) (the court

**MEMORANDUM ORDER   3**

found it constitutional for a court to suspend imposition of a sentence, and then to impose any sentence originally possible following revocation of probation under a federal statute); *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (the court upheld as constitutional a forfeiture of five years' probation time when an Idaho state court imposed an originally withheld sentence of twenty years upon a petitioner after a probation revocation).

C. **Plaintiff's Claims**

Plaintiff argues that upon his parole revocation, he was entitled to have the 777 days he spent on parole credited toward his sentence. He alleges that Defendants' failure to do so unlawfully extended his sentence in violation of the Double Jeopardy Clause of the Fifth Amendment of the Constitution, the Ex Post Facto Clause of Article I, § 10, and the Equal Protection Clause of the Fourteenth Amendment. In his Response to the Motion to Dismiss, he also argues that parole time forfeiture violates the Separation of Powers doctrine and the Due Process Clause.

After the Magistrate Court initially reviewed Plaintiff's Complaint, it found that Plaintiff's current claims had no legal basis and were subject to dismissal. Nevertheless, the Court allowed the parties to brief the issue of dismissal. After reviewing the briefing, this Court agrees with the Magistrate Court that Plaintiff's claims are presently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

D. **Discussion**

Certain types of parole claims may be brought as § 1983 claims; others must be

**MEMORANDUM ORDER   4**

asserted in habeas corpus actions.  In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility . . . and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community."  *Id*. at 82. At most, an inmate can seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in an actual grant of parole.  *Id*. When a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . .  imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  As a result, civil rights complaints seeking immediate or speedier release are barred by the doctrine of *Heck v. Humphrey*.  In *Heck v. Humphrey*, the Court re-emphasized that a prisoner in state custody cannot use a civil rights action to challenge the fact or duration of his confinement.  *Id.* at 481.

      The *Dotson* Court specified that the *Heck v. Humphrey* bar arises "not because [one seeks] nullification of the disciplinary procedures but because nullification of the disciplinary procedures would lead necessarily to restoration of good-time credits and hence the shortening of the prisoner's sentence."  544 U.S. at 84.  The *Dotson* Court further noted that its previous cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily

**MEMORANDUM ORDER  5**

demonstrate the invalidity of confinement or its duration.  *Id*. at 81-82.

Here, although Plaintiff purports to challenge only the procedure involved in parole revocation, the result of nullifying such procedure would be to reduce the duration of his sentence.  For example, he requests that the Court grant him "injunctive relief requiring the Idaho Parole Commission to hold a new Parole Hearing to decide the alleged parole violation(s) which hearing shall be required to comply fully with the United States Constitution *forbidding* increasing Plaintiff's sentence or punishment; further Parole Hearing must comply with the U.S. Constitution *forbidding* double jeopardy and ex post facto applications of law."  *Complaint*, at p. 7 (Docket No. 3) (emphasis added).  In other words, what Plaintiff seeks is that the Parole Commission be prohibited from requiring forfeiture of time spent on parole, not that the Parole Commission simply give him a new hearing at which the Commission could exercise its discretion to require forfeiture of, or give sentence credit for, parole time.

*Dotson*, *Preiser*, and *Heck* make it clear that any challenge that would result in the reduction of a sentence must be brought in habeas corpus.  As explained above, Plaintiff seeks a ruling that would require a mandatory reduction of his time by giving him credit for the 777 days.  As a result, Plaintiff's claims are not among those authorized by *Dotson,* which include only those actions seeking invalidation of "state procedures used to deny *parole eligibility* . . . and *parole suitability*."  *Id*. at  82 (emphasis added).  As a result, Plaintiff's Complaint is dismissed without prejudice.

**MEMORANDUM ORDER   6**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Docket No. 17) is GRANTED, and Plaintiff's Complaint is DISMISSED without prejudice.

DATED: **June 4, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER  7**